**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  | § |  |
|---|---|---|
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 6:15-cv-1168 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| AVAYA INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and

for their complaint against defendant, Avaya Inc. ("Avaya"), allege as follows:

**THE PARTIES**

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place

of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.

Uniloc also maintains a placed of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited

liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-

2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of unified

telecommunication clients to establish and use collaborative VoIP text, media, audio and video

communication solutions.  Uniloc's technologies are used in several markets, including unified

communications and enterprise business VoIP telephony.

4.      Upon information and belief, Avaya is a Delaware corporation having a principal place of business at 4655 Great America Parkway, Santa Clara, California 95054 and does business in Texas at 1111 Freeport Parkway, Coppell, Texas 75019 and in the judicial Eastern District of Texas.  Avaya may be served with process through its registered agent in Texas.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Avaya is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas and/or has a regular and established place of business in this judicial district.

7.      Avaya is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, and (B) regularly doing or soliciting business at 1111 Freeport Parkway, Coppell, Texas 75019 and (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,804,948)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,804,948 ("the '948 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on September 28, 2010.  A true and correct copy of the '948 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '948 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

## Introducing Avaya Communicator
Integrated UC Client Solution

▸  **Single and Consistent User Experience**
   – Voice, Video, UC and Collaboration services

▸  **Across Full Range of Platforms.**

   – Windows
   – Microsoft Lync
   – Mac
   – iPad
   – iPhone
   – Android

▸  **Evolution of one-X ® and Flare Experience with consistent contemporary design optimized for each platform**
   – Clean, simple and intuitive
   – Contextual Controls
   – Appropriate and flexible sizing, optimized for each platform

▸  **Timing**
   – Available Now for Android
   – Windows in Summer '14
   – With other product transitions to follow



**Source**: http://www.rmaug.org/Presentations/14MayPresentations/AvayaCommunicator.pdf

12. Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



**Source**: http://www.zdnet.com/product/avaya-aura/

13. Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



**Source**: http://www.rmaug.org/Presentations/14NovPresentations/Multimedia_Messaging.pdf

14.     Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



## Initiating Voice, Video Calls from Contacts...



## Click to IM...



**Source**: http://www.rmaug.org/Presentations/14MayPresentations/AvayaCommunicator.pdf

15.     Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

- Collaboration
  - Document sharing, Screen sharing for the entire screen and a portion of the screen), Application sharing, Whiteboard sharing
  - Share previous document
  - Delegate Moderator starting collaboration.
  - Escalate point to point audio/video call to a conference via Collaboration button
  - Escalate multiparty IM to audio ad-hoc conference call

**Source**: http://downloads.avaya.com/css/P8/documents/101011990

16.     Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



Figure 10: Multi-party instant messaging conversation

**Source**: https://downloads.avaya.com/css/P8/documents/100180613

17.     Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



**Source**: http://www.dimax.com.tw/p02_4.htm

18.      Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

## Making a voice call from an instant message

### About this task

In Avaya Aura® Presence Services, when you open a multi-party chat conversation, you can make a call to all IM conversation participants as long as all participants have a phone number configured.

With Avaya Multimedia Messaging, the multi-party chat conversation is displayed as a conference call.

**Source**: http://downloads.avaya.com/css/P8/documents/101004734

19.      Upon information and belief, the following describes, at least in part, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.



**Source**: https://www.youtube.com/watch?v=_G7YhmZaWvA

20.     Avaya has directly infringed one or more claims of the '948 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 6, 8, 9, 12, 18, 21, and 22 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

21.     Avaya may have infringed the '948 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice

conference initiation or implementations of the hardware/software.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the Avaya Unified Communications Solutions hardware/software is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Avaya concerning other hardware/software that incorporated the same or reasonably similar instant messaging and conference call functionality.

22.     Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, and 22 of the '948 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale selling, or importation of at least Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities. Avaya's enterprise customers who purchase systems and components thereof and operate such systems and components in accordance with Avaya's instructions directly infringe one or more claims of the '948 Patent in violation of 35 U.S.C § 271. Avaya instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

https://www.avaya.com/usa/documents/avaya-aura-suite-licensing-uc7218_feb2015.pdf

https://downloads.avaya.com/css/P8/documents/100180613

http://downloads.avaya.com/css/P8/documents/101011990

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf

http://downloads.avaya.com/css/P8/documents/101004734

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf

https://downloads.avaya.com/css/P8/documents/100180613

https://www.youtube.com/watch?v=_G7YhmZaWvA

Avaya is thereby liable for infringement of the '948 Patent pursuant to 35 U.S.C § 271(b).

23.    Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, and 22 of the '948 Patent, by among other things, contributing to the direct infringement of others, including without limitation enterprise customers of its Avaya Aura Suites Unified Communications Solutions, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '948 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24.    For example, the Avaya software module that allows it enterprise clients to initiate a conference call from an individual or group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Avaya is liable for infringement pursuant to 35 U.S.C § 271(c).

25.    Avaya will have been on notice of the '948 Patent since, at the latest, the service of this complaint. By the time of trial, Avaya will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, and 22 of the '948 Patent.

26.    Uniloc has been damaged, reparably and irreparably, by Avaya's infringement of the '948 Patent and such damage will continue unless and until Avaya is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 7,853,000)

27.     Uniloc incorporates paragraphs 1-26 above by reference.

28.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,853,000 ("the '000 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on December 14, 2010.  A true and correct copy of the '000 Patent is attached as Exhibit B hereto.

29.     Uniloc USA is the exclusive licensee of the '000 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

30.     Avaya has directly infringed one or more claims of the '000 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 6, 8, 9, 12, 18, 21, 22, and 23 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

31.     Avaya may have infringed the '000 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice conference initiation or implementations of the hardware/software.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the Avaya Unified Communications Solutions hardware/software is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Avaya concerning other hardware/software that incorporated the same or reasonably similar instant messaging and conference call functionality.

32.      Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, 22, and 23 of the '000 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale selling, or importation of at least Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities. Avaya's enterprise customers who purchase systems and components thereof and operate such systems and components in accordance with Avaya's instructions directly infringe one or more claims of the '000 Patent in violation of 35 U.S.C § 271. Avaya instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

https://www.avaya.com/usa/documents/avaya-aura-suite-licensing-uc7218_feb2015.pdf

https://downloads.avaya.com/css/P8/documents/100180613

http://downloads.avaya.com/css/P8/documents/101011990

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf

http://downloads.avaya.com/css/P8/documents/101004734

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf
https://downloads.avaya.com/css/P8/documents/100180613

https://www.youtube.com/watch?v=_G7YhmZaWvA

 Avaya is thereby liable for infringement of the '000 Patent pursuant to 35 U.S.C § 271(b).

33.      Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, 22, and 23 of the '000 Patent, by among other things, contributing to the direct infringement of others, including without limitation enterprise customers of its Avaya Aura Suites Unified Communications Solutions, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or

an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '000 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

34.     For example, the Avaya software module that allows it enterprise clients to initiate a conference call from an individual or group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Avaya is liable for infringement pursuant to 35 U.S.C § 271(c).

35.     Avaya will have been on notice of the '000 Patent since, at the latest, the service of this complaint. By the time of trial, Avaya will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1 and 2, 6, 8, 9, 12, 18, 21, 22, and 23 of the '000 Patent.

36.     Uniloc has been damaged, reparably and irreparably, by Avaya's infringement of the '000 Patent and such damage will continue unless and until Avaya is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

37.     Uniloc incorporates paragraphs 1-36 above by reference.

38.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,571,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on October 29, 2013.  A true and correct copy of the '194 Patent is attached as Exhibit C hereto.

39.     Uniloc USA is the exclusive licensee of the '194 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

40.     Avaya has directly infringed one or more claims of the '194 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 3, 4, and 5 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities.

41.     In addition, should Avaya's products be found to not literally infringe the asserted claims of the '194 Patent, under the doctrine of equivalents, Avaya's products would nevertheless infringe the asserted claims of the '194 Patent. More specifically, the Avaya accused products perform substantially the same function (contains instructions for implementing an instant message to voice call capability), in substantially the same way (comprising computer readable instructions contained on or loaded into non-transitory memory), to yield substantially the same result (effecting an instant message to voice conference call). Avaya would thus be liable for direct infringement under the doctrine of equivalents.

42.     Avaya may have infringed the '194 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice conference initiation or implementations of the hardware/software. Uniloc reserves the right to discover and pursue all such additional infringing software. For the avoidance of doubt, the Avaya Unified Communications Solutions hardware/software is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Avaya

concerning other hardware/software that incorporated the same or reasonably similar instant messaging and conference call functionality.

43.    Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1 and 2, 3, 4, and 5 of the '194 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale selling, or importation of at least Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities. Avaya's enterprise customers who purchase systems and components thereof and operate such systems and components in accordance with Avaya's instructions directly infringe one or more claims of the '194 Patent in violation of 35 U.S.C § 271. Avaya instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

https://www.avaya.com/usa/documents/avaya-aura-suite-licensing-uc7218_feb2015.pdf

https://downloads.avaya.com/css/P8/documents/100180613

http://downloads.avaya.com/css/P8/documents/101011990

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf

http://downloads.avaya.com/css/P8/documents/101004734

http://www.avaya.com/usa/documents/avaya-multimedia-messaging-uc7657.pdf
https://downloads.avaya.com/css/P8/documents/100180613

https://www.youtube.com/watch?v=_G7YhmZaWvA

 Avaya is thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C § 271(b).

44.    Avaya has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 3, 4, and 5 of the '194 Patent, by among other things, contributing to the direct infringement of others, including without limitation enterprise customers of its Avaya Aura Suites Unified

Communications Solutions, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '194 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.     For example, the Avaya software module that allows it enterprise clients to initiate a conference call from an individual or group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Avaya is liable for infringement pursuant to 35 U.S.C § 271(c).

46.     Avaya will have been on notice of the '194 Patent since, at the latest, the service of this complaint. By the time of trial, Avaya will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1 and 2, 3, 4, and 5 of the '194 Patent.

47.     Uniloc has been damaged, reparably and irreparably, by Avaya's infringement of the '194 Patent and such damage will continue unless and until Avaya is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Avaya as follows:

(A)     that Avaya has infringed the '948 Patent, the '000 Patent and the '194 Patent;

(B)     awarding Uniloc its damages suffered as a result of Avaya's infringement of the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Avaya, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: December 28, 2015.            Respectfully submitted,

By: /s  *Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Robert R. Gilman
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: rgilman@hayesmessina.com
Email: kgannon@hayesmessina.com

**ATTORNEYS FOR THE PLAINTIFFS**